**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

McDonnell and Associates, PA, f/k/a McDonnell Law Firm, PA, f/k/a Edward G. McDonnell, PC, and Boomerang Title, Inc., Appellants,

v.

First Citizens Bank and Trust Company, Inc., Respondent.

Appellate Case No. 2010-172106

------

Appeal From Richland County
J. Michelle Childs, Circuit Court Judge

------

Unpublished Opinion No. 2012-UP-404
Heard May 9, 2012 – Filed July 11, 2012

------

**AFFIRMED**

------

L. Henry McKellar and Amy L. Neuschafer, of Collins & Lacy, PC, of Columbia, for Appellants.

Wesley F. Few and Jake S. Barker, of Ellis Lawhorne & Sims, PA, of Columbia, for Respondent.

**PER CURIAM:** McDonnell and Associates, PA, and Boomerang Title, Inc., (collectively, "McDonnell") appeal from the circuit court's order granting summary judgment in favor of First Citizens Bank and Trust Company, Inc. ("First Citizens") for McDonnell's failure to produce evidence demonstrating First Citizens' lack of ordinary care. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: S.C. Code Ann. § 36-4-406(3) (2003)[1] ("The preclusion under subsection (2) does not apply if the *customer establishes lack of ordinary care* on the part of the bank in paying the item(s).") (emphasis added); *Read v. S.C. Nat'l Bank*, 286 S.C. 534, 540, 335 S.E.2d 359, 362 (1985) ("The burden of proving the bank's failure to exercise ordinary care under § 36-4-406(3) in paying the items rests squarely on the customer."); § 36-4-406 official cmt. 4 (2003) ("[E]ven if the bank succeeds in establishing that the customer has failed to exercise ordinary care, *if in turn the customer succeeds in establishing the bank failed to exercise ordinary care* in paying the item(s), the preclusion rule does not apply.") (emphasis added).

**AFFIRMED**.

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] The negotiated checks occurred before the effective date of the 2008 amendment to section 36-4-406. Accordingly, the pre-2008 version of section 36-4-406 is applicable and cited herein.